| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA § 
 § 
*versus* § CASE NO. 1:09-CR-107(8) 
 § CASE NO. 1:10-CR-98(1) 
EDDIE OLMOS § 

## MEMORANDUM AND ORDER

Pending before the court are Eddie Olmos's ("Olmos") *pro se* Motions for Early Termination Of Supervised Release (##742, 33), wherein Olmos seeks early termination of his five-year term of supervised release imposed in Case No. 1:09CR107(8), which runs concurrently with his four and three-year terms of supervised release imposed as to Counts One and Three, respectively, in Case No. 1:10CR98(1). He also seeks early termination of his four and three-year terms of supervised release imposed in Case No. 1:10CR98(1). While Olmos's supervising United States Probation and Pretrial Services ("Probation") Officer in the Middle District of Florida does not oppose the motions, his Probation Officer in the Eastern District of Texas prepared reports and recommends that the court deny his motions, allowing Olmos to complete his terms of supervised release, as ordered. The Government has also expressed opposition to Olmos's requests for early termination. Having considered the motions, Probation's reports, the Government's position, the record, and the applicable law, the court is of the opinion that Olmos's motions should be denied.

I.  Background

On January 20, 2010, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a Second Superseding Indictment against Olmos, charging him in Count One with Conspiracy to Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 846, in Count Nine with Interstate Travel in Aid of Racketeering Activity, in violation of 18 U.S.C.

§ 1952, and in Count Ten with Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1). On May 12, 2010, a federal grand jury in the Middle District of Florida, Tampa Division, returned an Indictment against Olmos, charging him in Count One with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1), in Count Two with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A), and in Count Three with Possession of a Firearm by a Felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(d). On January 12, 2011, Case No. 1:10CR98(1), previously pending in Florida, was transferred to this court with Olmos's consent.

On June 24, 2010, Olmos pleaded guilty to Count One of the Second Superseding Indictment in Case No. 1:09CR107(8) pursuant to a non-binding plea agreement. On January 20, 2011, he pleaded guilty to Counts One and Three of the Indictment in Case No. 1:10CR98(1) pursuant to a non-binding plea agreement. On May 25, 2011, the court sentenced Olmos to 210 months' imprisonment, followed by 5 years of supervised release, in Case No. 1:09CR107(8). On the same date, the court sentenced Olmos to 210 months' imprisonment as to Counts One and Three of the Indictment in Case No. 1:10CR98(1), followed by 4 years of supervised release on Count One and 3 years of supervised release on Count Three. The sentences and terms of supervised release imposed in both cases are all to run concurrently. Olmos appealed his convictions in both cases, which the United States Court of Appeals for the Fifth Circuit denied as frivolous on February 7, 2012. The Supreme Court of the United States denied his petitions for a writ of certiorari on June 11, 2012. Olmos filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, which the court denied on April 12, 2013. His sentences in both cases were reduced to 168 months' imprisonment on August 28, 2015, pursuant to 18

U.S.C. § 3582(c)(2). Olmos was released from prison and began serving his terms of supervised release on January 19, 2022, in the Middle District of Florida. Olmos's five-year term of supervised release imposed in Case No. 1:09CR107(8) is projected to expire on January 18, 2027. His four and three-year terms of supervised release imposed in Case No. 1:10CR98(1) are projected to expire on January 18, 2026, and January 18, 2025, respectively.

In his motion, Olmos, age 47, asks the court to terminate his terms of supervised release at this time. Olmos maintains that he has served over half of his five-year term of supervised release and has successfully transitioned back into society. He claims that he has shown "exemplary post-conviction adjustment and conduct in his supervision responsibilities." Olmos further asserts that he has complied with the court's express terms of supervision by fully obeying the law and diligently complying with the requirements of the Probation Department. He states that he has had no contacts with law enforcement, has maintained lawful employment, and has regularly reported as directed by his probation officer. Olmos adds that he has attempted to live a productive lifestyle by holding steady employment and stable residence while supporting himself.

II. Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants;

defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir. 2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018). "Early termination of supervised release is not an entitlement." *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018). Early termination "is not warranted as a matter of course." *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022). "To the contrary, it is only 'occasionally' justified." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

Although Olmos's supervising Probation Officer in the Middle District of Florida does not oppose his motions, this fact, standing alone, is insufficient to justify granting his requests for early termination. *See, e.g.*, *United States v. Boyd*, 606 F. App'x 953, 960 (11th Cir. 2015) ("Just as a federal prosecutor or probation officer cannot dictate a district court's sentence, they likewise do not call the shots concerning a court's decision whether to terminate early a term of supervised release. A criminal sentence is the court's sentence, not the prosecutor's and not the probation officer's."); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022) (finding that although the Government and Probation did not oppose early

---

and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

termination, that fact, standing alone, was insufficient to justify granting the defendant's request for early termination of supervised release); *United States v. Hartman*, No. 3:00-cr-228-B(01), 2013 WL 524257, at *1 (N.D. Tex. Jan. 18, 2013) (denying defendant's request for early termination of supervised release despite the Government's recommendation that it be granted), *adopted by* 2013 WL 540490 (N.D. Tex. Feb. 13, 2013); *United States v. Grimaldi*, 482 F. Supp. 2d 248, 249 (D. Conn. 2007) (denying early termination of supervised release even though the defendant's probation officer supported it).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *Lynn*, 2022 WL 2446328, at *3; *see Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination under 18 U.S.C. § 3583(e)"); *United States v. Seymore*, No. CR 07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) ("[C]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination . . . ." (quoting *United States v. Smith*, No. 10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014))); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his release, a balancing of the 18 U.S.C. § 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before"); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July

5

21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011))); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (citing 18 U.S.C. § 3583(e)(1)) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would

be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Jackson*, No. 11-55, 2022 WL 2789870, at *2 (W.D. Pa. July 15, 2022); *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471, at *2 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 6701469, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89); *Seymore*, 2023 WL 3976200, at *1 ("[E]arly termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." (quoting *Smith*, 2014 WL 68796, at *1)).

Olmos's offenses of conviction entail his participation in a conspiracy to possess with intent to distribute marijuana (1,000 kilograms or more) spanning from 2004 to 2007 in the Eastern District of Texas and elsewhere as well as his possession with intent to distribute 500 grams or more of cocaine and his possession of a firearm by a convicted felon on February 2, 2010, in the Middle District of Florida. According to the Presentence Investigation Report ("PSR") prepared in May 2011, Olmos served as a manager/supervisor of a large-scale drug trafficking organization that distributed marijuana and other drugs across the South from Texas to Florida and then

throughout the United States. The investigation of the case began in April 2007 following the seizure of $259,305 in currency in Orange, Texas. During the course of the conspiracy, individuals would smuggle marijuana and other drugs into the United States from Mexico using commercial trucks and other means of transportation to deliver the drugs to staging areas in South Texas controlled by co-conspirators. Once the drugs arrived in the staging areas, members of the conspiracy would transport the drugs to their points of distribution. The cash proceeds from the sale of the drugs would be returned to individuals in South Texas and ultimately smuggled into Mexico. The PSR characterizes Olmos as a major distributor of marijuana in Florida. In his factual basis, Olmos stipulated to being involved in an amount of marijuana greater than 3,000 kilograms but less than 10,000 kilograms during the course of the conspiracy.

Olmos was arrested at his home in Florida on February 2, 2010. He consented to a search of his residence during which agents seized approximately 609 grams of cocaine, $33,000 in currency, and a loaded Hi-Point .40 caliber pistol. The cocaine and cash were found in a safe in Olmos's bedroom closet, and the firearm was located in a filing cabinet in the closet. Olmos admitted that he intended to distribute the cocaine. He further stated that he possessed the firearm for protection and claimed that, although he knew he had several prior felony convictions, he was not actually aware that he was prohibited from possessing a firearm. The PSR reveals that Olmos has five prior convictions for driving while license suspended or revoked, three of which are felonies. He also failed to comply with previous terms of probation. In addition, Olmos has a history of substance abuse, including the frequent use of marijuana.

Probation reports that Olmos has been residing at the same address in Gibsonton, Florida, with his brother and niece since his release. He has maintained full-time employment with Gas

Pros in Tampa, Florida, has been in compliance with his conditions of supervision, and all of his drug screens have been negative. In addition, he is eligible to be transferred to the low-risk administrative case load. Yet, Olmos identifies no new or exceptional circumstances or needs that would merit early release from supervision. He fails to explain how the conditions of his supervised release limit his employment opportunities, interfere with his family responsibilities, or otherwise impact his daily life in a significant manner. He does not clarify how being on supervised release keeps him from furthering his career, achieving additional goals, assisting his family, or engaging in community activities. Under the circumstances, the court finds the current conditions of Olmos's terms of supervised release are not onerous and remain appropriate.

At this time, Olmos has served more than half of his five-year term of supervised release. While Olmos's achievements to date should be commended, continuing him on supervision will provide him the best opportunity for a successful reentry in view of his long-term involvement and managerial role in an international drug trafficking organization engaged in the distribution of drugs across several states. In addition, he possessed a loaded firearm in connection with his drug-trafficking activities. Requiring Olmos to complete his entire, five-year term of supervised release safeguards against the reoccurrence of criminal activity and drug use, while imposing only a limited burden on Olmos. The court finds that Olmos's post-release conduct does not warrant early termination of his supervised release. Generally, early termination of supervised release is not granted unless there are significant medical concerns, substantial limitations on employment, or extraordinary post-release accomplishments that would warrant such a release. Olmos does not identify any such circumstances in his motion and is instead seeking early termination of his supervision simply for complying with the conditions imposed by the court. Thus, although

Olmos appears to be on the right path, the court believes that completion of his full terms of supervised release appropriately reflects the seriousness of his offenses, deters future criminal conduct, and provides needed structure for his continued rehabilitation. *See Lynn*, 2022 WL 2446328, at *4. In its reports, Probation observes:

> According to the presentence report, Mr. Olmos was a major distributor of illicit drugs, namely marijuana and cocaine, and the large-scale conspiracy involved firearms and numerous codefendants trafficking drugs from Mexico to Texas and throughout the United States. Though Mr. Olmos is to be commended for his compliance thus far, he does not provide any extraordinary or compelling reason for early termination, outside of general compliance that is expected. Given the circumstances, the U.S. Probation Office in the Eastern District of Texas concurs with the Government's recommendation in this case. As such, it is respectfully suggested the Court deny this motion and allow Mr. Olmos to continue on supervised release, in each of Case Nos. 1:09CR107 and 1:10CR98, as previously ordered.

The court concurs with Probation's assessment of the situation and finds that early termination of Olmos's terms of supervised release would be contrary to the interest of justice.

III.    Conclusion

In accordance with the foregoing, Olmos's *pro se* Motions for Early Termination Of Supervised Release (##742, 33) are DENIED.

SIGNED at Beaumont, Texas, this 12th day of November, 2024.

                                                  MARCIA A. CRONE
                                                  UNITED STATES DISTRICT JUDGE